**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

vs.                                                           Case No.:      3:11-cr-248-J-34JRK

DONALD MITCHELL

_____/

## ORDER

This case is before the Court on Defendant Donald Mitchell's Motion for Discovery (Doc. 384, Motion for Discovery), in which he requests that the Court direct one of his former attorneys, Noel Lawrence, Esq., to provide him with "full discovery" so that he may prepare a post-conviction motion. Defendant pled guilty to one count of conspiracy to commit mail fraud and one count of wire fraud (see generally Doc. 285, Plea Transcript), but he now contends that he stands convicted of crimes he did not commit. Defendant generally contends that discovery will prove his innocence, though he does not suggest what specifically he expects to uncover that will prove this.

The United States responds that Defendant is not entitled to discovery as a matter of course, and that he has not established good cause for his request. (Doc. 388, Response). The United States also points out that defense counsel had previously provided Defendant with seven boxes of discovery while he was in pretrial detention at D. Ray James Correctional Facility, but that Defendant had authorized the facility to destroy them. (Response at 2; see also Doc. 255, Status Hearing Transcript at 3-6).

At a pretrial status conference held about a month before he pled guilty, Defendant denied that he had authorized the destruction of the discovery materials, and he

suggested that the detention facility did so out of spite. (Status Hearing Transcript at 5-6). However, Defendant did not contest the fact that he once had the materials, and it is uncontested that, as of the date of that pretrial status conference, Defendant no longer had them. In the Motion for Discovery, however, Defendant asserts that United States Marshals destroyed his legal materials at (or shortly after) the point when he was being transported from the detention facility to prison following sentencing, implying that he had the materials up through the sentencing phase. (See Motion for Discovery at 1). The claim that the Marshals destroyed the legal materials at that point is inconsistent with the uncontested fact that Defendant no longer had possession of his discovery materials as of one month before his guilty plea. The Marshals could not have destroyed his discovery materials if the materials had already been destroyed several months earlier.

A habeas petitioner is not entitled to discovery as a matter of course. Arthur v. Allen, 459 F.3d 1310, 1310 (11th Cir. 2006) (quoting Bracy v. Gramley, 520 U.S. 899, 904 (1997)). Rather, Under Rule 6(a) of the Rules Governing Section 2255 Proceedings, the Court may allow discovery only for good cause. To show "good cause," the requesting party "must provide [specific] reasons for the request. The request must also include any proposed interrogatories and requests for admission, and must specify any requested documents." Id. at 6(b). For discovery to be warranted, the movant should set forth specific allegations that give the Court reason to believe that, if the facts are fully developed, the movant will be entitled to relief. See Bracy, 520 U.S. at 908-09 (quoting Harris v. Nelson, 394 U.S. 286, 300 (1969)). "Thus, good cause for discovery cannot arise from mere speculation." Arthur, 459 F.3d at 1311.

Here, Defendant's request for discovery is both speculative and factually unsupported. Defendant contends that he is actually innocent despite having pled guilty, and he vaguely contends that discovery will prove his innocence. However, Defendant does not explain how he is actually innocent, or what he expects to find in discovery that would advance his claim. Defendant does not support his request for discovery, or his claim of actual innocence, with any specific, credible allegations. Defendant's Motion also makes no effort to narrow the scope of his request to anything that might be reasonably related to establishing actual innocence, reflecting not only that the request is overbroad, but also that Defendant is on a fishing expedition. Moreover, the record belies Defendant's claim that the Marshals could have destroyed his discovery materials when the record shows that the materials were destroyed months earlier (and apparently with Defendant's approval).

Accordingly, Defendant's Motion for Discovery (Doc. 384) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida this 5th day of December, 2015.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

Lc 19

Copies:

Counsel of record
Defendant Donald Mitchell

3