**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA,

vs.                                                Case No.:   3:11-cr-248-J-34JRK

DONALD MITCHELL

_____/

**ORDER**

      This case is before the Court on Defendant Donald Mitchell's Objection to the Magistrate Judge's Order Denying Motion for Discovery. (Doc. 391, "Objection"). The United States has responded to the Objection. (Doc. 393, "Response to Objection").

      In the Motion for Discovery (Doc. 384), Mitchell moved the Court to direct his trial counsel, Noel Lawrence, Esq., to give him "full discovery" so that he can prepare a post-conviction motion. Mitchell asserts that Lawrence must turn over all of Mitchell's legal materials because United States Marshals allegedly destroyed his personal copies of the materials, a claim that echoes a previous assertion of his that his pretrial detention facility maliciously destroyed boxes of similar items. (See Doc. 255, Status Conference Transcript at 3-6).

      Despite having pled guilty (see generally Doc. 285, Plea Transcript), Mitchell alleges that he stands convicted of crimes he did not commit, and that discovery will help him prove that he is actually innocent. (Motion for Discovery at 2). Mitchell suggests that he only pled guilty because counsel promised him his sentence would be limited to time served. (Id. at 1). Mitchell does not specify what materials he needs from trial counsel, however. Nor does Mitchell explain how he is actually innocent, and what he expects

1

discovery to disclose that will prove his innocence – or more accurately, what he expects discovery to disclose that will disprove his own sworn statements at the plea colloquy. Nevertheless, from his Motion, it appears that Mitchell actually requests all legal materials related to his case.

The Magistrate Judge denied the Motion for Discovery, explaining in pertinent part that Mitchell had not established good cause for discovery as required by Rule 6(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, because Mitchell neither supported the discovery request with specific, credible allegations of what he expected to find, nor did he explain the relationship between his actual innocence claim and the requested discovery. (Doc. 390, Order at 2-3). The Magistrate Judge's Order also explained that the request for discovery was overbroad, as Mitchell did not narrow his request to any specified documents as required by Rule 6(b). (See id.). Mitchell objected, arguing that the denial of discovery constituted an abuse of discretion. (See Doc. 391, Objection).[1] The United States responded, arguing that the Magistrate

---

[1] Mitchell takes exception to the portion of the Magistrate Judge's Order finding that, because the pretrial detention facility destroyed Mitchell's legal materials prior to his plea colloquy, the Marshals could not have destroyed his legal materials when Mitchell was later transported to his long-term correctional facility, as Mitchell had alleged. (Objection at 1-2). Mitchell contends that a pre-plea status conference transcript (Doc. 255) establishes that he received a new batch of legal materials, and that it was these materials the Marshals destroyed.
   Although the Status Conference transcript reflects that a plan was made for Mitchell and his counsel to meet at the courthouse to review discovery (see Status Conference Tr. at 48-55), the transcript only establishes that there was a plan for counsel to review materials with Mitchell, not that counsel would actually supply Mitchell with a new batch of hard copies of legal materials. While the record suggests that Mitchell and counsel did meet to review materials (see Doc. 259, Motion to Allow Electronic Equipment; Doc. 260, Order Granting Motion to Allow Electronic Equipment), counsel's motion suggests that the purpose of the meeting was to review discovery with Mitchell, including DVD's and CD'S, but it does not clarify whether Mitchell was being provided with separate hard copies of discovery.
   In any event, even assuming Mitchell is correct that he received a new batch of legal materials and that they were destroyed, it does not alter the Magistrate Judge's explanation for denying the Motion for Discovery: Mitchell's request for discovery was unspecific and based on

Judge's Order correctly denied the Motion for Discovery, and that Mitchell's Objection failed to address the Magistrate Judge's central rationale for denying the Motion: that Mitchell had not shown good cause for discovery and that his request was unspecific. (Doc. 393, Response to Objection).

The Magistrate Judge's December 7, 2015 Order Denying the Motion for Discovery is a non-dispositive order. See Smith v. Sch. Bd. of Orange Cnty., 487 F.3d 1361, 1365 (11th Cir. 2007) (per curiam). As such, to prevail in his Objection, Defendant must establish that the conclusions to which he objects in the Order are clearly erroneous or contrary to law. See Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); see also Merritt v. Int'l Bhd. of Boilermakers, 649 F.2d 1013, 1016-17 (5th Cir. Unit A June 1981);[2] Nat'l Ass'n for the Advancement of Colored People v. Fla. Dep't of Corrs., 122 F. Supp. 2d 1335, 1337 (M.D. Fla. 2000); Williams v. Wright, No. 3:09-cv-55, 2009 WL 4891825, at *1 (S.D. Ga. Dec. 16, 2009) ("A district court reviewing a magistrate judge's decision on a nondispositive issue 'must consider… objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.'") (quoting Fed. R. Civ. P. 72(a)).[3] "Clear error is a highly deferential standard of review." Holton v. City of Thomasville Sch. Dist., 425 F.3d 1325, 1350 (11th Cir. 2005) (citation omitted). "[A] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire

---

vague, conclusory allegations. (See Order at 2-3). Therefore, even if the Court had misapprehended the record, the reasons for denying the Motion for Discovery remain unaffected.
[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.
[3] "Although an unpublished opinion is not binding…, it is persuasive authority." United States v. Futrell, 209 F.3d 1286, 1289 (11th Cir. 2000) (per curiam); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

3

evidence is left with the definite and firm conviction that a mistake has been committed." Id. (citations and quotations omitted); see also Weeks v. Samsung Heavy Indus. Co., Ltd., 126 F.3d 926, 943 (7th Cir. 1997) ("The clear error standard [under Rule 72(a) and 28 U.S.C. § 636(b)(1)(A)] means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made."). A magistrate judge's order "is contrary to law 'when it fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" Botta v. Barnhart, 475 F. Supp. 2d 174, 185 (E.D.N.Y. 2007) (quoting Catskill Dev., LLC v. Park Place Entm't Corp., 206 F.R.D. 78, 86 (S.D.N.Y. 2002)); see also Pigott v. Sanibel Dev., LLC, Civil Action No. 07-0083-WS-C, 2008 WL 2937804, at *5 (S.D. Ala. July 23, 2008) (similar) (citation omitted); Schaaf v. SmithKline Beecham Corp., Civil Action No. 1:04-cv-2346-GET, 2008 WL 489010, at *3 (N.D. Ga. Feb. 20, 2008) (similar) (citation omitted).[4] Moreover, a magistrate judge is afforded broad discretion in issuing non-dispositive pretrial orders

---

[4] The Court notes some authority that the contrary to law standard invites plenary review of a magistrate judge's legal conclusions. See e.g., Haines v. Liggett Group, Inc., 975 F.2d 81, 91 (3d Cir. 1992); Milwaukee Carpenter's Dist. Council Health Fund v. Philip Morris, Inc., 70 F. Supp. 2d 888, 892 (E.D. Wis. 1999); Computer Econ., Inc. v. Gartner Group, Inc., 50 F. Supp. 2d 980, 983 & n.2 (S.D. Cal. 1999). In this Circuit, however, the contrary to law standard has been distinguished as more deferential than de novo review. See Merritt, 649 F.2d at 1016-17 ("[A] magistrate['s non-dispositive discovery orders] are reviewable under the 'clearly erroneous and contrary to law' standard; they are not subject to a de novo determination as are a magistrate's proposed findings and recommendations.") Nonetheless, even to the extent the contrary to law standard may invite some level of plenary review, it is evident that because a magistrate judge is afforded broad discretion as to discovery matters, reversal as to a magistrate's resolution of a discovery dispute is appropriate only where that discretion is abused. See Tracy P. v. Sarasota County, No. 8:05-CV-927-T-27EAJ, 2007 WL 1364381, at * 2 (M.D. Fla. May 9, 2007) ("Magistrate judges are afforded broad discretion in the resolution of nondispositive discovery disputes. The magistrate's determination will therefore be overturned only if the magistrate judge abused her discretion or the decision is clearly erroneous."); Botta, 475 F. Supp. 2d at 185; Doe v. Hartford Life and Accident Ins. Co., 237 F.R.D. 545, 547-48 (D. N. J. 2006); Doe v. Marsh, 899 F. Supp. 933, 934 (N.D.N.Y. 1995); see also 12 Charles Alan Wright, Arthur R. Miller, & Richard L. Marcus, Federal Practice and Procedure § 3069 (2d ed. 1997) ("Regarding legal issues, the language 'contrary to law' appears to invite plenary review. But many matters such as discovery scheduling or disputes might better be characterized as suitable for an abuse-of-discretion analysis.").

related to discovery such as the December 7, 2015 Order.  See Tracy P. v. Sarasota Cnty., No. 8:05-CV-927-T-26EAJ, 2007 WL 1364381, at *2 (M.D. Fla. May 9, 2007); see also Rule 6.01(c)(18), Local Rules, United States District Court, Middle District of Florida (Local Rule authorizing magistrate judges to supervise and determine pretrial proceedings and motions in civil cases, including discovery motions).

After thorough review of the Magistrate Judge's December 7, 2015 Order, Defendant's Objection, the United States' Response, and the relevant records, the Court finds no "clear error" in the Magistrate Judge's Order.  To the extent Mitchell objects to the Magistrate Judge's factual conclusion that he could not have been in possession of legal materials when he was being transported to his long-term correctional facility, the Court is not left with the definite and firm conviction that this conclusion was mistaken.  For the reasons discussed in Footnote 1, supra, the Court is not convinced that, after the pretrial detention facility destroyed Mitchell's legal materials, an entirely new batch of materials was provided to Mitchell, only to be destroyed again by United States Marshals.  More important, however, is the fact that the Magistrate Judge's Order did not rest on this factual finding.  Rather, the Magistrate Judge denied the Motion for Discovery on a different ground, i.e., that the Motion was deficient under Rule 6 of the Rules Governing Section 2255 Proceedings.  Thus, even if Mitchell is correct that he received a second batch of legal materials and that United States Marshals destroyed them, that fact would not affect the reasons underpinning the Magistrate Judge's Order, and it would not render the Order clearly erroneous.

The Court further finds that the December 7, 2015 Order is not contrary to law.  The Magistrate Judge identified the correct legal standard governing discovery motions

in § 2255 proceedings. (See Order at 2) (citing Fed. R. § 2255 P. 6(a)-(b); Arthur v. Allen, 459 F.3d 1310, 1310-11 (11th Cir. 2006)). The Magistrate Judge then determined that the Motion for Discovery was deficient because it was vague, speculative, and failed to specify requested documents, so he denied it accordingly. (Order at 3). Defendant's Objection does not address the dispositive reason why the Magistrate Judge denied the Motion, which is that the Motion failed to establish "good cause" for discovery, as required by Rule 6(a) of the Rules Governing Section 2255 Proceedings, and that the Motion failed to specify requested documents, as required by Rule 6(b). As such, Defendant has not established that the Magistrate Judge's Order was "contrary to law."

In light of the foregoing, the Court concludes that the Magistrate Judge's Order was neither clearly erroneous nor contrary to law. Accordingly, it is hereby

**ORDERED:**

1. Defendant Donald Mitchell's Objection to the Magistrate Judge's Order Denying Motion for Discovery (Doc. 391, Objection) is **OVERRULED**.

2. Mitchell's Motion for Discovery (Doc. 384) is **DENIED WITHOUT PREJUDICE** to Mitchell filing a more detailed, specific request for discovery that is supported by specific and credible allegations.

**DONE AND ORDERED** at Jacksonville, Florida this 16th day of February, 2016.

MARCIA MORALES HOWARD
United States District Judge

6

lc 19

Copies:

Donald Mitchell

Counsel of record