**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                     Case No.:    3:11-cr-248-J-34JRK

DONALD MITCHELL,

    Defendant.

## ORDER

This case is before the Court on Defendant Donald Mitchell's Motion for Reconsideration (Doc. 398; Motion) and Supplement to Motion (Doc. 401; Supplement). Mitchell seeks reconsideration of the Court's Order of August 31, 2018 (Doc. 397; Order), in which the Court denied Mitchell's motion to withdraw his guilty plea (Doc. 396; Motion to Withdraw Guilty Plea).

On September 11, 2013, Mitchell pled guilty to one count of conspiracy to commit mail fraud, in violation of 18 U.S.C. §§ 1341 and 1349 (Count One of the Second Superseding Indictment), and one count of wire fraud, in violation of 18 U.S.C. § 1343 (Count Four of the Second Superseding Indictment). (See Doc. 270; Minute Entry of Plea Hearing, Doc. 285; Change of Plea Transcript). The Court sentenced Mitchell to concurrent terms of 180 months' imprisonment as to each count. (Doc. 345; Judgment). On June 24, 2015, the Eleventh Circuit Court of Appeals affirmed Mitchell's sentence. United States v. Mitchell, 617 F. App'x 976, 980 (11th Cir. 2015). Mitchell petitioned the United States

1

Supreme Court for a writ of certiorari, but the Supreme Court denied certiorari review on October 13, 2015. Mitchell v. United States, 136 S. Ct. 348 (2015) (Mem.).

Mitchell did not file the Motion to Withdraw Guilty Plea until nearly three years later, on August 16, 2018. The thrust of Mitchell's Motion to Withdraw Guilty Plea was that he "st[oo]d convicted of crimes that were never committed." Motion to Withdraw Guilty Plea at 1. As he did at his sentencing, Mitchell continued to blame his victims for his fraudulent conduct. See id. at 2-4. On August 31, 2018, the Court denied the Motion to Withdraw Guilty Plea because "[g]iven the procedural posture of the case, Defendant provides no legal basis for the relief he seeks." Order at 1.

In the instant Motion for Reconsideration, Mitchell continues to insist that he is actually innocent. Motion for Reconsideration at 1-5. He also states he could not have moved to withdraw his guilty plea any earlier because he has been dealing with medical issues since 2017 or 2018. Id. at 6-7; see also id. at 8-15. Still, Mitchell has not identified any legal authority (i.e., what statute or Federal Rule of Criminal Procedure) that would permit him to withdraw his guilty plea at this stage of his criminal proceeding. Instead, Mitchell generally cites the Supreme Court's decisions in Schlup v. Delo, 513 U.S. 298 (1995), House v. Bell, 547 U.S. 518 (2006), and McQuiggin v. Perkins, 569 U.S. 383 (2013), for the proposition that he is actually innocent and that his innocence excuses any procedural bar.

Mitchell's Motion for Reconsideration is due to be denied. He still has not identified any legal authority that would permit him to withdraw his guilty plea at this point where his conviction became final long ago. Ordinarily, a defendant seeking to withdraw his guilty plea would do so under Rule 11(d), Federal Rules of Criminal Procedure ("Rule(s)"). Rule

2

11(d) allows a defendant to withdraw a plea of guilty or nolo contendere either (1) "before the court accepts the plea, for any reason or no reason," or (2) "after the court accepts the plea, <u>but before it imposes sentence</u> if: (A) the court rejects a plea agreement under Rule 11(c)(5); or (B) the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d) (emphasis added). Under no circumstance does Rule 11(d) permit a defendant to withdraw his guilty plea <u>after</u> the court has imposed sentence, as is the case here. Similarly, 28 U.S.C. § 2255 appears to be unavailing. Mitchell's conviction and sentence became final on October 13, 2015, when the United States Supreme Court denied certiorari review. Mitchell did not file the Motion to Withdraw Guilty Plea until nearly three years later, which would make any motion untimely under § 2255(f)(1) (were the motion to be construed as one under § 2255).[1] Although Mitchell provides statements and evidence that he has been dealing with medical issues since 2017 or 2018, <u>see</u> Motion for Reconsideration at 6-15, that does not explain why he could not have timely filed a § 2255 motion sometime between October 13, 2015, and October 13, 2016. Nor does Mitchell point to any newly discovered evidence or an intervening change in the law that shows he is actually innocent.

Additionally, the transcript of Mitchell's plea colloquy reflects that he knowingly and voluntarily pled guilty to wire fraud and conspiracy to commit mail fraud, and that an adequate factual basis supported the charges. Mitchell stated under oath that he was pleading guilty because he was in fact guilty, and that he committed the acts set forth in

---

[1] Under § 2255(f)(1), a federal prisoner has one year from the date on which his conviction and sentence becomes final to move to vacate, set aside, or correct the sentence. 28 U.S.C. § 2255(f)(1).

3

Counts One and Four of the Second Superseding Indictment. Plea Tr. at 20-21. The factual basis showed that Mitchell swindled numerous victims out of tens of thousands of dollars by falsely representing himself to be a successful investor affiliated with such institutions as Merrill Lynch, Goldman Sachs, and the Blackstone Group. Id. at 21-40. Mitchell would convince the victims to mail or wire him large sums of money under the false pretense that the money would be invested in a merger, a leveraged buyout, or some other fake investment. Mitchell would also convince the victims that their money had been placed in a legitimate investment account that would generate an astronomical rate of return. Collectively, the victims lost more than $95,000.00. See id. at 25-40. Mitchell admitted that the factual basis was true and accurate. Id. at 40. Mitchell further admitted that he had committed each element of the charges of wire fraud and conspiracy to commit mail fraud. Id. at 40-42.

Mitchell has not identified any new evidence or an intervening change in the law that undermines his convictions or the validity of his guilty plea. As such, his insistence that he is actually innocent is unconvincing, and he identifies no legal authority permitting him to withdraw his guilty plea at this late stage. Therefore, in light of the foregoing discussion, Mitchell's Motion for Reconsideration (Doc. 398) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida this 15th day of October, 2019.

*[Signature: Marcia Morales Howard]*
MARCIA MORALES HOWARD
United States District Judge

Lc 19
Copies:
Counsel of Record
pro se party

4